UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION



**FILED**
Apr 8 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ JulieOlsen   DEPUTY

IN RE: POWERSCHOOL HOLDINGS, INC.,
AND POWERSCHOOL GROUP, LLC CUSTOMER
DATA SECURITY BREACH LITIGATION                    MDL No. 3149

# TRANSFER ORDER

**Before the Panel:**[*]  Plaintiffs in the Western District of Missouri *J.I.* action listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Missouri. This litigation consists of 32 actions pending in three districts, as listed on Schedule A. In addition, the parties have informed the Panel of 23 related actions pending in eight districts.[1]

Most responding parties support centralization. Defendants PowerSchool Holdings, Inc., and PowerSchool Group LLC (collectively "PowerSchool"), and the responding plaintiffs in all but six cases support or do not oppose centralization.[2]  There is less agreement on selection of the transferee district. PowerSchool requests centralization in the Eastern District of California or the Northern District of California. Plaintiffs in more than 30 actions likewise support centralization in those two districts, in the first instance or in the alternative. Other plaintiffs, as their primary or alternative position, request centralization the Western District of Missouri, Southern District of California, Central District of California, Northern District of Illinois, Eastern District of New York, Middle District of North Carolina, or District of Minnesota.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from a recent cybersecurity incident involving unauthorized access to PowerSchool's Student Information System software, which schools use to store current and former students' and staff members'

---

[*] Judge Roger T. Benitez did not participate in the decision of this matter. One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] The six cases are the E.D. California *Buack-Shelton*, *Vargha*, *Brown*, and *Greci* actions listed on Schedule A, and the potential tag-along actions *Joseph v. PowerSchool Holdings, Inc.*, No. 25-0517 (E.D. Cal.), and *Hisserich v. PowerSchool Group LLC*, No. 25-0444 (E.D. Cal.).

-2-

personal information. Plaintiffs are students, students' guardians, and school staff seeking certification of overlapping nationwide and statewide class actions of individuals affected by the data breach. The actions involve virtually identical claims for negligence, breach of contract, and unjust enrichment. Discovery in all actions will focus on how and when the breach occurred, the sufficiency of PowerSchool's data security practices, and how and when PowerSchool notified breach victims. Centralization will avoid the possibility of inconsistent pretrial rulings, particularly with respect to class certification. With a total of 55 cases pending in nine districts, centralization will provide efficiencies and conserve the resources of the parties, witnesses, and courts.

Plaintiffs in the Eastern District of California *Buack-Shelton*, *Vargha*, *Brown*, and *Greci* actions, as well as plaintiffs in the Eastern District of California *Joseph* and *Hisserich* related actions, maintain that informal coordination is feasible. They argue that the 41 Eastern District of California cases will soon be consolidated before a single judge, effectively leaving only fourteen additional cases spread across eight other district courts. They maintain that the Panel previously has declined to centralize in comparable circumstances.[3]

We are not persuaded that informal coordination is the most efficient route to resolving this litigation. None of the parties have moved under Section 1404 to transfer the actions to a common district. Moreover, the decisions cited by opponents of centralization are readily distinguishable. In most, motions for transfer via Section 1404 had been filed; in some, such motions already had been granted. Three of the four involved fewer than five actions. *See StockX*, 412 F. Supp. 3d at 1365 (denying centralization of three actions pending in three districts); *[24]7.AI*, 338 F. Supp. 3d at 1347 (same); *Hudson's Bay*, 326 F. Supp. 3d at 1373 (denying centralization of four actions pending in two districts). In the lone case where the motion encompassed more than twenty actions, "all responding parties represented that they were amenable to Section 1404(a) transfer in the absence of Section 1407 centralization." *Best Buy*, 804 F. Supp. 2d at 1378. Here, there is no similar assurance that any Section 1404 motions—if filed—will be uncontested.

The Southern District of California is an appropriate transferee district for this litigation. A potential tag-along action is pending in the district, and related state court litigation is pending in San Diego Superior Court. Centralization in this district encourages the efficient coordination of state and federal proceedings. Judge Roger T. Benitez, to whom we assign this MDL, is an experienced jurist well-versed in the nuances of multidistrict litigation. We are confident that he will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that actions listed on Schedule A are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Roger T. Benitez for coordinated or consolidated pretrial proceedings.

---

[3] *See, e.g.*, *In re StockX Customer Data Sec. Breach Litig.*, 412 F. Supp. 3d 1363 (J.P.M.L. 2019); *In re [24]7.AI, Inc., Customer Data Sec. Breach Litig.*, 338 F. Supp. 3d 1345 (J.P.M.L. 2018); *In re Hudson's Bay Co. Customer Data Sec. Breach Litig.*, 326 F. Supp. 3d 1372 (J.P.M.L. 2018); *In re Best Buy Co., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376 (J.P.M.L. 2011).

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton     Matthew F. Kennelly
David C. Norton         Dale A. Kimball
Madeline Cox Arleo

I hereby attest and certify on Apr 18, 2025 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: s/ J. Olsen
      Deputy

**IN RE: POWERSCHOOL HOLDINGS, INC., AND POWERSCHOOL GROUP, LLC CUSTOMER DATA SECURITY BREACH LITIGATION**  MDL No. 3149

## SCHEDULE A

<u>Eastern District of California</u>

BUACK-SHELTON, ET AL. v. POWERSCHOOL HOLDINGS, INC.,
    C.A. No. 2:25−00093
BAKER v. POWERSCHOOL HOLDINGS, INC. ET AL., C.A. No. 2:25−00096
KINNEY v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00098
VARGHA v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00110
F.C. v. POWERSCHOOL GROUP LLC ET AL., C.A. No. 2:25−00136
GILES v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00139
STRELZIN v. POWERSCHOOL GROUP, LLC ET AL., C.A. No. 2:25−00140
A.A. v. POWERSCHOOL HOLDINGS, INC. ET AL., C.A. No. 2:25−00141
E.H. v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00152
PETTINGER ET AL. v. POWERSCHOOL GROUP LLC ET AL., C.A. No. 2:25−00159
MARTINEZ-TURNBOW v. POWERSCHOOL HOLDINGS, INC.,
    C.A. No. 2:25−00165
CROCKRAN v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00171
HABBAL ET AL. v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00173
MAYFEILD v. POWERSCHOOL GROUP, LLC, ET AL., C.A. No. 2:25−00203
AREDE v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00204
GRIFFIN v. POWERSCHOOL GROUP LLC, C.A. No. 2:25−00206
WHITE v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00207
GRECI ET AL. v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00208
LA COUNT ET AL. v. POWERSCHOOL HOLDINGS, INC. ET AL.,
    C.A. No. 2:25−00209
KEIGLEY v. POWERSCHOOL GROUP LLC ET AL., C.A. No. 2:25−00210
CHAMPNEY ET AL. v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00211
SCHWARTZ v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00230
OKONI v. POWERSCHOOL GROUP, LLC ET AL., C.A. No. 2:25−00231
FLICK ET AL. v. POWERSCHOOL HOLDINGS, INC. ET AL., C.A. No. 2:25−00232
FAIRCLOTH v. POWERSCHOOL GROUP LLC ET AL., C.A. No. 2:25−00252
BROWN ET AL. v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00256
ZARIF v. POWERSCHOOL HOLDINGS, INC. ET AL., C.A. No. 2:25−00259
GRAMELSPACHER v. POWERSCHOOL HOLDINGS, INC. ET AL.,
    C.A. No. 2:25−00271
CAMPBELL v. POWERSCHOOL HOLDINGS, INC. ET AL., C.A. No. 2:25−00310

<u>Western District of Missouri</u>

KRUTSINGER v. POWERSCHOOL HOLDINGS, INC. ET AL., C.A. No. 4:25−00057
J.I. ET AL. v. POWERSCHOOL, C.A. No. 4:25−04006

-A2-

Eastern District of New York

J.B. ET AL. v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00327